NATIONAL BANK OF DETROIT v. CITY OF DETROIT.

1. TAXATION—INVESTMENT IN FEDERAL RESERVE BANK STOCK—DEDUCTION FROM CAPITAL, SURPLUS AND UNDIVIDED PROFITS—VALUATION OF COMMON STOCK.

Entire investment by national banking corporation in stock in Federal reserve bank which represented percentage of capital stock and surplus required by Federal statute as a condition precedent to doing business *held*, allowable as a deduction from entire capital, surplus and undivided profits for purpose of determining value of common stock for taxation (12 USCA, § 282; 1 Comp. Laws 1929, § 3396, subd. 8, as amended by Act No. 94, Pub. Acts 1931).

2. SAME—BANK STOCK—ASSESSMENT—COMPUTATION OF DEDUCTIBLES—ALLOCATION OF EXEMPT SECURITIES—MONTHLY AVERAGE FORMULA.

Under statute providing for assessment of shares of stock of banks operating in this State, proper method of determining deduction of tax-exempt securities is to apply the ratio of

monthly average of bank's total capital during preceding calendar year to the sum of the monthly averages of its total capital and deposits during the same period to the monthly average of bank's tax-exempt securities during the same period (1 Comp. Laws 1929, § 3396, sub'd. 8, as amended by Act No. 94, Pub. Acts 1931).

3. Same—Purpose of Monthly Average Formula.

Purpose of monthly average formula for computing deductible tax-exempt securities allocable to capital stock of a bank is to make it impossible for a bank to overload with tax-exempt securities on tax day and recognizes variability of deposits and investment in tax-exempt securities from time to time (1 Comp. Laws 1929, § 3396, subd. 8, as amended by Act No. 94, Pub. Acts 1931).

4. Same—Construction of Statutes—Constitutional Law—Tax-Exempt Securities.

Construction of statute providing for assessment of shares of stock of banks operating in this State whereby deduction of tax-exempt securities was determined by application of ratio of bank's total capital on the tax day to the sum of its total capital and deposits of the same date to the monthly average of bank's tax-exempt securities during preceding year *held*, unconstitutional as an arbitrary tax upon tax-exempt securities (1 Comp. Laws 1929, § 3396, subd. 8, as amended by Act No. 94, Pub. Acts 1931).

5. Same—Deduction of Tax-Exempt Securities—Uniformity—Banks and Others.

Formula for preventing deduction for investments in tax-exempt securities as expressed in one provision of general property tax law applicable to banks and formula for same purpose applicable to individuals and corporations other than banks *held*, to prescribe uniform taxation of personal property at its true cash value and to provide a uniform method of exempting tax-exempt securities so as to meet requirements of Federal statute relative to permission to a State to tax shares of stock of a national bank (12 USCA, § 548; 1 Comp. Laws 1929, §§ 3396, subd. 8, 3397, subd. 5, as amended by Act No. 94, Pub. Acts 1931).

Appeal from Wayne; Campbell (Allan), J. Submitted June 11, 1936. (Docket No. 99, Calendar

No. 39,033.) Decided November 9, 1936. Rehearing denied December 9, 1936.

Assumpsit by National Bank of Detroit against City of Detroit and Charles L. Williams, its treasurer, to recover money paid for taxes under protest. From judgment for plaintiff on one count, denial of judgment on other, plaintiff appeals and defendant city and Albert E. Cobo, successor to Charles L. Williams, cross-appeal. Remanded with directions to enter judgment for plaintiff on both counts.

*Bulkley, Ledyard, Dickinson & Wright (Robert E. McKean* and *Ellis B. Merry,* of counsel), for plaintiff.

*Walter Barlow (Raymond J. Kelly,* of counsel), for defendants.

Toy, J. Plaintiff brings this action in assumpsit to recover from defendant city, taxes paid under protest. The case was tried without jury and plaintiff had judgment for a portion of its claim. Both parties appeal from such judgment.

Plaintiff's claim is divided in two parts: *first,* it seeks to recover the amount paid under protest, representing a tax of the year 1934, upon the amount of Federal reserve bank stock owned by it, and which was not allowed as a deduction by defendant in determining the assessed valuation of plaintiff's shares of common stock; *second,* it claims recovery of the sum of $16,542.25, paid under protest, representing an increase of tax for 1934 upon plaintiff's shares of common stock over the amount it contends it should be taxed, and wherein plaintiff claims that defendant did not properly determine or allow the

amount of tax-exempt securities owned by plaintiff and deductible in determining the assessed valuation of such stock.

The trial court found for plaintiff on its first claim as above outlined, and entered judgment for it in the amount of $3,958.86. Defendant, in its cross-appeal alleges this to be error and urges upon us the same contentions it urged in *National Bank of Detroit* v. *City of Detroit,* 272 Mich. 610, relative to the deduction of Federal reserve stock, when computing the amount of its tax. We there held that such Federal reserve stock should be deducted in its entirety, and we here find no reason to change our decision.* The court properly entered judgment against the city on such claim.

The trial court found against plaintiff on its above stated second claim (third count), and did not permit recovery thereon. The plaintiff, on appeal, alleges this as error.

The question here involved is grounded upon a construction and application of the provisions of Act No. 94, § 8, subd. 8, Pub. Acts 1931, relating to the method of computing the tax-exempt securities, other than Federal reserve bank stock.

The foregoing cited statute provides that, for taxation purposes, the stock of a bank shall be assessed at the amount of its capital, surplus and undivided profits, less the assessed value of its real estate, and less the amount of tax-exempt securities representing the investment of its capital account, as distinguished from the amount of tax-exempt securities representing the investment of its deposits. The statute provides for the deduction of tax-exempt securities, but only for those representing invest-

---

* See 12 USCA, § 282; Treasury Document No. 2961, 1928, chap. 1, § 12.—REPORTER.

ment of capital contradistinguished from those representing investment of deposits. When it cannot, with reasonable certainty, be determined whether the source of the investment is from capital or from deposits, the statute provides a formula for the determination of the proportion thereof which shall be deemed to represent investment of capital and therefore deductible. The formula prescribed is that the amount of tax-exempt securities so deductible shall be that proportion thereof which the total capital bears to the total capital and deposits.

It is undisputed that the determination of tax-exempt securities in the instant case must be in pursuance to the statutory formula.

On April 1, 1934, plaintiff's total capital was $25,553,382.37; its deposits, $204,087,470.06; its tax-exempt securities, $113,346,794.98.

It is undisputed that the assessed valuation of plaintiff's common stock should be $13,053,382.37, this being the sum of: common stock, $5,000,000, surplus, $5,000,000, and undivided profits, $3,053,382.37. This, then, becomes 51.08% of the total capital.

The defendant, in computing the amount of tax-exempt securities, which should be deemed to represent the investment of plaintiff's total capital, applied the ratio of the plaintiff's total capital of April 1, 1934 to the sum of its total capital and *deposits* of the same date (11.13%), to the monthly average of plaintiff's tax-exempt securities during the year 1933. By this method $7,966,665.09 of tax-exempt securities was found to represent the investment of plaintiff's total capital. Then by taking 51.08% thereof (as hereinbefore outlined) the sum of $4,069,372.53 was determined to be deductible from the common stock, surplus and undivided profits. The court below sustained defendant in its

use of the foregoing method of determining the amount of tax-exempt deductibles.

Plaintiff contends for a different method of computing such deductibles. It claims that the proper method is to apply the ratio of the monthly average of plaintiff's total capital during the calendar year of 1933 to the sum of the monthly averages of its total capital and deposits during the same period, to the monthly average of plaintiff's tax-exempt securities during the same period.

Counsel for city on appeal have made no attempt to sustain the method used by the city in making its deductions. Neither do they, in their briefs, interpose any argument, either of fact or of law, contravening the claim made by plaintiff. They appear to rely solely on the constitutional objection hereinafter discussed.

We are constrained to sustain the contention of plaintiff.

The purpose of the legislation in using the "monthly average" formula was to make it impossible for a bank on "tax day" to overload with tax-exempt securities and thereby obtain a larger amount of tax deductibles. It also recognized the fact, apparent here, that not only are deposits variable but that investment in tax-exempt securities also varies from time to time. So to reach a means whereby such variations could be averaged, and whereby a mean of deductibles could be found it adopted the "monthly average" formula.

The method used by the city does not produce this intended result, rather, it negatives it, and results arbitrarily in a tax upon tax-exempt securities. Such a construction would make the statute unconstitutional. *Union Trust Co.* v. *Common Council of City of Detroit*, 170 Mich. 692; *First National Bank*

*of Wyandotte* v. *Common Council of City of Detroit,* 253 Mich. 89.

Judgment should, therefore, be entered for plaintiff on the third count of its declaration.

The city contends that Act No. 94, § 8, subd. 8, clause (b), Pub. Acts, 1931, contravenes Const. 1908, Article 10, § 3, providing for uniformity of taxation.

Said clause (b) of the statute reads as follows:

"The said shares shall be assessed at the cash value of each after deducting the per share portion of * * * (b) the value of all securities belonging to said corporation which represent the investment of capital, surplus or undivided profits and not of the proceeds or consideration of debts and liabilities of said corporation and are exempt from general taxation by virtue of any law of this State or of the United States."

The city contends that the allowance of the deduction of tax-exempt securities in clause (b), quoted above, differs from the allowance of deductions made in the taxation of other personal property as contained in paragraph 5 of section 9 of the same act and therefore produces a lack of uniformity in the taxation of personal property.

We cannot concur in this contention. Paragraph 5 of section 9, as well as clause (b) of paragraph 8 of section 8, were amendments made at the same time for the evident purpose of complying with the requirements of section 5219 of the Revised Statutes of the United States (12 USCA, § 548).

It will be noted in reading the subdivisions in sections 8 and 9 of our statute involved, that the deductions of tax-exempt credits are, in effect, the same.

In reference to banks, the statute (section 8) provides a method or formula preventing the deduction

of tax-exempt securities which represent the investment of deposits or debts owed; in the case of individuals and corporations other than banks, the statute (section 9) provides a method or formula preventing the deduction of debts owed to the extent they represent investments in tax-exempt credits.

These methods or formulæ accomplish the same purpose and reach the same result, namely, the uniform taxation of personal property at its *true cash value,* and at the same time provide a uniform method of exempting tax-exempt securities, so as to meet the requirements of the cited Federal statute.

The cause is remanded to the circuit court with directions to enter judgment for plaintiff as herein indicated, with costs of both courts to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.